UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINCARE INC.,

Plaintiff,

v.

Case No.: 8:22-cv-00918-MSS-TGW

SRETEN MARKOVIC, a/k/a SAM
MARKOVIC,

Defendant.

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, SRETEN MARKOVIC, a/k/a SAM MARKOVIC, by and through the undersigned counsel, hereby files this Answer and Affirmative Defenses to the Complaint against Defendant, and state as follows:

## Parties, Jurisdiction, and Venue

1.      ADMIT for jurisdictional purposes; otherwise denied.

2.      ADMIT for jurisdictional purposes; otherwise denied.

3.      ADMIT for jurisdictional purposes; otherwise denied.

4.      ADMIT for jurisdictional purposes; otherwise denied. Additionally, refer the trier of fact to the referenced document which speaks for itself regarding its content and DENY to the extent the allegations of paragraph 4 differ.

5.      Paragraph 5 is ADMITED in part and DENIED in part. Defendant ADMITS that as part of his job with Lincare, he traveled to Lincare's headquarters in Florida to attend meetings and received bi-weekly payments. Defendant also ADMITS that he submitted his expense reimbursement reports to Lincare for processing and payment. Defendant denies the remainder of the allegations contained in paragraph 5 and demands strict proof thereof.

6.     ADMIT for jurisdictional purposes; otherwise denied.

7.     ADMIT the allegations set forth in paragraph 7 of the Complaint.

8.     DENY knowledge or information regarding the allegations set forth in paragraph 8 of the Complaint, therefore DENY same the allegations set forth in paragraph 8 of the Complaint.

9.     ADMIT the allegations set forth in paragraph 9 of the Complaint.

10.     ADMIT the allegations set forth in paragraph 10 of the Complaint.

11.     ADMIT the allegations set forth in paragraph 11 of the Complaint.

12.     ADMIT the allegations set forth in paragraph 12 of the Complaint.

13.     ADMIT the allegations set forth in paragraph 13 of the Complaint.

14.     ADMIT the allegations set forth in paragraph 14 of the Complaint.

15.     DENY knowledge or information regarding the allegations set forth in paragraph 15 of the Complaint, therefore DENY same the allegations set forth in paragraph 15 of the Complaint.

16.     DENY knowledge or information regarding the allegations set forth in paragraph 16 of the Complaint. Specifically, Defendant is without knowledge as to what constitutes a senior level employee and therefore DENIES the allegations set forth in paragraph 16 of the Complaint.

**Lincare Discovers Abnormalities in Markovic's Expenses**

17.     DENY knowledge or information regarding the allegations set forth in paragraph 17 of the Complaint, therefore DENY same the allegations set forth in paragraph 17 of the Complaint.

18.     DENY knowledge or information regarding the allegations set forth in

paragraph 18 of the Complaint, therefore DENY same the allegations set forth in paragraph 18 of the Complaint.

19.     DENY knowledge or information regarding the allegations set forth in paragraph 19 of the Complaint, therefore DENY same the allegations set forth in paragraph 19 of the Complaint.

20.     DENY knowledge or information regarding the allegations set forth in paragraph 20 of the Complaint, therefore DENY same the allegations set forth in paragraph 20 of the Complaint.

21.     DENY knowledge or information regarding the allegations set forth in paragraph 21 of the Complaint, therefore DENY same the allegations set forth in paragraph 21 of the Complaint.

**Fabricated Invoices**

22.     DENY knowledge or information regarding the allegations set forth in paragraph 22 of the Complaint, therefore DENY same the allegations set forth in paragraph 22 of the Complaint.

23.     DENY knowledge or information regarding the allegations set forth in paragraph 23 of the Complaint, therefore DENY same the allegations set forth in paragraph 23 of the Complaint.

24.     DENY knowledge or information regarding the allegations set forth in paragraph 24 of the Complaint, therefore DENY same the allegations set forth in paragraph 24 of the Complaint.

25.     DENY knowledge or information regarding the allegations set forth in paragraph 25 of the Complaint, therefore DENY same the allegations set forth in paragraph

25 of the Complaint.

26.     ADMIT the allegations set forth in paragraph 26 of the Complaint. However, Defendant placed these Indeed Job Ads (hereinafter "Ads" or "Ad") online with the knowledge and approval of his superiors, Greg McCarthy and Buddy Felter. These Ads were in fact "decoy" or "fake ads" placed by the Defendant in an effort to determine if Plaintiff's (hereinafter "Plaintiff" or "Company") current employees would apply to the job described in the Ads. The purpose of these Ads was to determine the potential number of vacancies that may exist in the future so that the Company could plan accordingly.

27.     Defendant DENIES knowledge or information regarding the allegations set forth in paragraph 27 of the Complaint, therefore DENY same the allegations set forth in paragraph 27 of the Complaint and demands strict proof thereof.

28.     DENY knowledge or information regarding the allegations set forth in paragraph 28 of the Complaint, therefore DENY same the allegations set forth in paragraph 28 of the Complaint.

29.     DENY knowledge or information regarding the allegations set forth in paragraph 29 of the Complaint, therefore DENY same the allegations set forth in paragraph 29 of the Complaint.

30.     DENY knowledge or information regarding the allegations set forth in paragraph 30 of the Complaint, therefore DENY same the allegations set forth in paragraph 30 of the Complaint.

31.     DENY the allegations set forth in paragraph 31 of the Complaint as framed. Specifically, Defendant admits to creating "decoy" or "fake" Ads with the permission and knowledge of his superiors for reasons outlined in his response to allegation 26 of the

Complaint. Defendant denies the remainder of the allegations contained in paragraph 31 and demands strict proof thereof.

32.     DENY knowledge or information regarding the allegations set forth in paragraph 32 of the Complaint, therefore DENY same the allegations set forth in paragraph 32 of the Complaint. Defendant cannot recollect ever single invoice submitted, however, if Defendant resubmitted an invoice that was already reimbursed by Plaintiff, it was certainly done in error.

33.     DENY knowledge or information regarding the allegations set forth in paragraph 33 of the Complaint, therefore DENY same the allegations set forth in paragraph 33 of the Complaint.

34.     DENY knowledge or information regarding the allegations set forth in paragraph 34 of the Complaint, therefore DENY same the allegations set forth in paragraph 34 of the Complaint.

35.     DENY knowledge or information regarding the allegations set forth in paragraph 35 of the Complaint, therefore DENY same the allegations set forth in paragraph 35 of the Complaint. Defendant cannot recollect ever single invoice submitted, however, if Defendant requested reimbursement for the same car rental, it was certainly done in error.

36.     DENY the allegations set forth in paragraph 36 of the Complaint.

37.     DENY knowledge or information regarding the allegations set forth in paragraph 37 of the Complaint, therefore DENY same the allegations set forth in paragraph 37 of the Complaint.

38.     Defendant ADMITS the allegations set forth in paragraph 38 of the Complaint only to the extent that he was provided approximately $5,000 in error. Defendant denies the

remainder of the allegations contained in paragraph 38 and demands strict proof thereof.

39.     Defendant ADMITS the allegations set forth in paragraph 39 of the Complaint only to the extent that he was provided approximately $5,000 in error. Defendant denies the remainder of the allegations contained in paragraph 39 and demands strict proof thereof.

40.     DENY knowledge or information regarding the allegations set forth in paragraph 40 of the Complaint, therefore DENY same the allegations set forth in paragraph 40 of the Complaint and demands strict proof thereof.

41.     Defendant ADMITS this allegation, only to the extent that when entering information into Concur, often times, the computer system would save previously entered terms or names if they were used on a regular basis. Defendant contends that it is likely that the name of the coworker included on his reimbursement request was named in error.

42.     DENY knowledge or information regarding the allegations set forth in paragraph 42 of the Complaint, therefore DENY same the allegations set forth in paragraph 42 of the Complaint.

43.     DENY knowledge or information regarding the allegations set forth in paragraph 43 of the Complaint, therefore DENY same the allegations set forth in paragraph 43 of the Complaint.

44.     DENY knowledge or information regarding the allegations set forth in paragraph 44 of the Complaint, therefore DENY same the allegations set forth in paragraph 44 of the Complaint.

45.     DENY knowledge or information regarding the allegations set forth in paragraph 45 of the Complaint, therefore DENY same the allegations set forth in paragraph 45 of the Complaint.

46.     Paragraph 46 is DENIED in part and ADMITTED in part. Defendant ADMITS that he was terminated for cause. Defendant is without knowledge or information regarding the allegations set forth in paragraph 46 of the Complaint, and therefore DENIES the allegations set forth in paragraph 46 of the Complaint.

47.     Paragraph 47 is DENIED. Defendant DENIES that he has stolen over $99,000 from Lincare. Defendant is without knowledge or information regarding the allegations set forth in paragraph 47 of the Complaint, and therefore DENIES the allegations set forth in paragraph 47 of the Complaint.

48.     DENY the allegations set forth in paragraph 48 of the Complaint.

49.     DENY the allegations set forth in paragraph 49 of the Complaint.

50.     DENY knowledge or information regarding the allegations set forth in paragraph 50 of the Complaint, therefore DENY same the allegations set forth in paragraph 50 of the Complaint.

**COUNT I: CONVERSION**

51.     REPEAT AND REASSERT each and every response made above to paragraphs 1 through 50 as if more fully stated at length herein.

52.     DENY the allegations set forth in paragraph 52 of the Complaint.

53.     DENY the allegations set forth in paragraph 53 of the Complaint.

54.     ADMIT the allegations set forth in paragraph 54 of the Complaint.

55.     DENY knowledge or information regarding the allegations set forth in paragraph 55 of the Complaint, therefore DENY same the allegations set forth in paragraph 55 of the Complaint.

## COUNT II: FRAUD

56.     REPEAT AND REASSERT each and every response made above to paragraphs 1 through 50 as if more fully stated at length herein.

57.     DENY the allegations set forth in paragraph 57 of the Complaint.

58.     DENY the allegations set forth in paragraph 58 of the Complaint.

59.     DENY the allegations set forth in paragraph 59 of the Complaint.

60.     DENY the allegations set forth in paragraph 60 of the Complaint.

61.     DENY the allegations set forth in paragraph 61 of the Complaint.

62.     DENY the allegations set forth in paragraph 62 of the Complaint.

## COUNT III: NEGLIGENT MISREPRESENTATION

63.     REPEAT AND REASSERT each and every response made above to paragraphs 1 through 50 as if more fully stated at length herein.

64.     DENY the allegations set forth in paragraph 64 of the Complaint.

65.     DENY the allegations set forth in paragraph 65 of the Complaint.

66.     DENY the allegations set forth in paragraph 66 of the Complaint.

67.     DENY the allegations set forth in paragraph 67 of the Complaint.

68.     DENY the allegations set forth in paragraph 68 of the Complaint.

69.     DENY the allegations set forth in paragraph 69 of the Complaint.

## COUNT IV: BREACH OF FIDUCIARY DUTY

70.     REPEAT AND REASSERT each and every response made above to paragraphs 1 through 50 as if more fully stated at length herein.

71.     ADMIT the allegations set forth in paragraph 71 of the Complaint.

72.     DENY the allegations set forth in paragraph 72 of the Complaint.

73.     Refer the trier of fact to the referenced document which speaks for itself regarding its content and DENY to the extent the allegations of paragraph 73 differ.

74.     DENY the allegations set forth in paragraph 74 of the Complaint.


## COUNT V: BREACH OF DUTY OF LOYALTY

75.     REPEAT AND REASSERT each and every response made above to paragraphs 1 through 50 as if more fully stated at length herein.

76.     ADMIT the allegations set forth in paragraph 76 of the Complaint.

77.     DENY the allegations set forth in paragraph 77 of the Complaint.

78.     Refer the trier of fact to the referenced document which speaks for itself regarding its content and DENY to the extent the allegations of paragraph 78 differ.

79.     DENY the allegations set forth in paragraph 79 of the Complaint.


## COUNT VI: BREACH OF CONTRACT

80.     REPEAT AND REASSERT each and every response made above to paragraphs 1 through 50 as if more fully stated at length herein.

81.     ADMIT the allegations set forth in paragraph 81 of the Complaint.

82.     DENY the allegations set forth in paragraph 82 of the Complaint.

83.     DENY the allegations set forth in paragraph 83 of the Complaint.

### AFFIRMATIVE DEFENSES
### AS AND FOR FIRST AFFIRMATIVE DEFENSE

84.     Defendant asserts that any claim for damages asserted by Plaintiffs must be

offset by the amount due to Defendant for various expenses that remain unpaid.

## **AND FOR SECOND AFFIRMATIVE DEFENSE**

85.     Defendant asserts that Plaintiff is precluded from the relief sought on all counts, as the alleged activity was done without malicious aforethought nor intent to defraud or convert Plaintiff's property. Rather, Defendant placed Ads online with the knowledge and authorization of his superiors, Greg McCarthy and Buddy Felter. These Ads were in fact "decoy" or "fake ads" placed by the Defendant in an effort to determine if Plaintiff's (hereinafter "Plaintiff" or "Company") current employees would apply to the job described in the Ads.

86.     The purpose of these Ads was to determine the potential number of vacancies that may exist in the future so that the Company could plan accordingly.

87.     All invoices submitted were authentic and in line with the Defendant's fiduciary duties and obligations.


Dated: June 15, 2022

                                       /s/ Rashida L. Willhoit
                                       RASHIDA L. WILLHOIT, ESQ.
                                       Florida Bar No.:  093582
                                       GEGAN LAW OFFICE
                                       1005 N. Marion Street
                                       Floridan Legal Service Bldg.
                                       Tampa, FL 33602
                                       Telephone: (813) 248-8900
                                       Email:  rashida.willhoit@geganoffice.com
                                       Secondary: pamela.calvert@geganoffice.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 15, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send email notification of such filing to counsel of record.

/s/ Rashida L. Willhoit
RASHIDA L. WILLHOIT
Florida Bar No.: 093582