UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINCARE INC.,

    Plaintiff,

v.

Case No.: 8:22-cv-00918-MSS-TGW

SRETEN MARKOVIC, a/k/a
SAM MARKOVIC,

    Defendant.
_____/

**REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Middle District of Florida Local Rule 3.01(d) and this Court's Order dated October 17, 2022 [Doc. 37], Plaintiff, Lincare Inc. ("Lincare"), files this Reply to Defendant's Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction [Doc. 28] (the "Response"), and states as follows:

**I.    Introduction.**

Lincare's Motion for Preliminary Injunction [Doc. 22] (the "Motion") seeks an injunction against Defendant, Sreten Markovic ("Markovic"), based on his violations of a non-compete covenant in his Employment Agreement [Doc. 1-1] with Lincare. In his response to the Motion, Markovic argues that Lincare fails to show a likelihood of success on the merits and that Lincare's Motion "must fail because it merely implies, but submits no evidence, that Defendant breached his Non-Compete Agreement." Response [Doc. 28], p. 1. Despite his contentions, Markovic is simply wrong.

**II. Markovic's employment with SuperCare is a breach of the non-competition covenant.**

Markovic's argument that Lincare has not submitted evidence of his breach of the Employment Agreement is predicated, at least in part, on an incorrect reading of the non-competition covenant. According to Markovic, he is only in violation of the non-compete provision of the Employment Agreement if he is working at a SuperCare Health, Inc. ("SuperCare") location within 100 miles of any Lincare location or satellite location at which he was based or had sales responsibility during the last 2 years of his employment with Lincare. *See* Response, p. 4. This is a flawed and overly narrow reading of the non-competition covenant.

The non-competition covenant is found in Section 6 of the Employment Agreement and prohibits Markovic from "directly or indirectly" engaging in certain specified business activities within a defined territory. *See* Employment Agreement [Doc. 1-1], ¶ 6. In particular, for a period of 1-year following his termination of employment, Markovic:

> shall not, **directly or indirectly**, engage in the business of marketing, advertising, selling, leasing, renting, distributing, or otherwise providing oxygen, oxygen equipment, aerosol inhalation therapy equipment and respiratory medications, nasal continuous positive airway pressure devices, infant monitoring equipment and services, home sleep studies and related therapy equipment, infusion therapy, enteral, pain management, pharmacy services, or any other respiratory therapy or durable medical equipment, products, supplies and services to customers in their homes or other alternative site care facilities within the Territory ("Covenant Not to Compete"). As used herein, the term "Territory" means any location within 100 miles of any Lincare location or satellite location at which Employee was based or had sales responsibility, in either case, at any time during the last 2 years of Employee's employment with Lincare . . .

Employment Agreement [Doc. 1-1], ¶ 6(a) (emphasis added). Section 6(b) emphasizes certain activities that would constitute a breach of the Covenant Not to Compete set forth in section 6(a):

> Without limiting the generality of the provisions of Section 6(a), the Covenant Not to Compete will be construed so that Employee will also be in breach hereof (i) if Employee is an employee, officer, director, shareholder, investor, trustee, agent, principal, or partner of, or a consultant or advisor to or for, or a subcontractor or manager for, an individual, person, or entity that is engaged in such business in the Territory, or (ii) if Employee receives, directly or indirectly, any compensation or remuneration from, or owns, directly or indirectly, any outstanding stock or shares or has a beneficial or other financial interest in the stock or assets of any such individual, person, or entity engaged in such business in the Territory.

In other words, a former employee working for or receiving compensation from a company that is engaged in business competitive with Lincare in the "Territory" constitutes a breach of the "Covenant Not to Compete" set forth in Section 6(a).

Here, Lincare has provided evidence that Markovic is working for SuperCare as its Executive Vice President of Sales and Business Development—a fact that Markovic has not denied.[1] Declaration of Greg McCarthy [Doc. 22-1] ("McCarthy Declaration"), ¶ 34. In fact, Markovic recently attended SuperCare's "Leadership Quarterly Business Review." McCarthy Declaration, ¶ 35. In addition, Lincare has established that SuperCare is a competing business that provides the same products

---

[1] Although he filed his Response and an accompanying declaration, Markovic has not denied that he is working for SuperCare, that he is the Executive Vice President of Sales and Business Development at SuperCare, that he works in or has responsibility for SuperCare's operations in California and Oregon, or that he otherwise works in the "Territory."

and services as Lincare. *Id.* at ¶¶ 6-7, 38-40, 43. Lincare has also established that SuperCare operates in the "Territory." Before his termination, Markovic was responsible for Lincare's entire West Coast operations, including its operations in California, Oregon, Washington, Colorado, Utah, and Idaho. McCarthy Declaration, ¶ 22. SuperCare has offices throughout California and in Oregon, and therefore operates in the "Territory."

Simply stated, Markovic is employed by a Lincare competitor that operates within the "Territory." As made clear by Section 6(b) of the Employment Agreement, Markovic's employment with SuperCare constitutes a breach of the non-compete covenant.

### III. Conclusion.

Despite Markovic's claims to the contrary, Lincare has submitted evidence—and will fortify such evidence at the forthcoming hearing—that Markovic has violated and continues to violate the Employment Agreement. Accordingly, Lincare has demonstrated a likelihood of success on the merits of its claims to support the entry of the requested injunction.

*/s/ Kenneth G. Turkel*
Kenneth G. Turkel – FBN 867233
E-mail: kturkel@tcb-law.com
David A. Hayes – FBN 096657
E-mail: dhayes@tcb-law.com
TURKEL CUVA BARRIOS, P.A.
100 North Tampa Street, Suite 1900
Tampa, FL 33602
Phone: (813) 834-9191
Fax: (813) 443-2193
*Attorneys for Lincare Inc.*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on October 24, 2022, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

                                        */s/ Kenneth G. Turkel*
                                        Attorney