UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINCARE INC.,

                      Plaintiff,

v.

SRETEN MARKOVIC, a/k/a SAM MARKOVIC,

                      Defendant.

Case No.:8:22-cv-00918-MSS-TGW

**SUPPLEMENT TO DEFENDANT'S MOTION IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

**I.    SUMMARY OF ARGUMENT**

On November 1, 2022, this Honorable Court requested the Parties to address the issue of whether an injunction could address indirect actions in an order on Plaintiff's Motion for Preliminary Injunctive Relief. As outlined herein, it is Defendant's position that the term "indirectly" is so vague and ambiguous that to allow the inclusion of some unknown "indirect" activity would ask the Court to rewrite the contract and violate the Federal Rules of Civil Procedure.

**II.    LEGAL STANDARD**

"In determining specificity, the party enjoined must be able to ascertain from the four corners of the order precisely what acts are forbidden." *Sanders v. Air Line Pilots Ass'n, Int'l*, 473 F.2d 244, at 247 (2d Cir. 1972). "As we have emphasized in the past, the specificity provisions of Rule 65(d) are no mere technical requirements. The Rule was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood." *Schmidt* v. *Lessard*, 414 U. S. 473, 476, 94 S. Ct. 713, 38 L. Ed. 2d 661 (1974). "Since an injunctive order prohibits conduct under

threat of judicial punishment, basic fairness requires that those enjoined receive explicit notice of precisely what conduct is outlawed." *Id*. Should this Court determine that the Defendant shall be enjoined, it must provide an order outlining the exact activity Defendant is prohibited from engaging in. It is Defendant's contention that the Court would then be required to theorize numerous hypothetical activities that the Defendant would be prohibited from engaging in.

### III.  ANALYSIS

Contracts shall be interpreted in the light most favorable to the non-drafting party. Here, Plaintiff was the sole craftsman of the subject agreement with no input from the Defendant. Plaintiff failed to outline what "indirect" actions are, thereby prohibiting this Court from restraining the Defendant from engaging in unknown or assumed behavior that could have easily been outlined at the time the contract was drafted, but nonetheless was not. As any "indirect" activity was not described or defined, Defendant was not put on notice as to what behavior was prohibited and thus could not govern himself accordingly.

In Plaintiff's Supplemental Brief to its Motion for Preliminary Injunctive Relief, Lincare argues that "Lincare includes the term "indirectly" to account for and prevent scenarios in which a former employee may try to circumvent the agreed-upon restrictive covenants through intermediaries or based on perceived technicalities." Plaintiff goes on to provide potential indirect activity which would violate the provision and asks this Court to contemplate those potential activities. It is the Defendant's contention that more explicit language could have been included in the Employment Agreement, however, Plaintiff chose not to include it. Plaintiff now asks this Court to rewrite the contract to their benefit.

### IV.  CONCLUSION

For reasons outlined herein, Defendant cannot be enjoined from engaging in indirect activity for which he was not given notice of or the benefit of bargaining against during the drafting of the contract

WHEREFORE, Defendant prays this Honorable Court deny Plaintiff's Motion for Preliminary Injunction and any other relief it deems just and fair.

Dated November 4, 2022

/s/ Rashida L. Willhoit
Rashida L. Willhoit, Esq.
Florida Bar No.: 93582
**GEGAN LAW OFFICE**
1005 N. Marion Street
Floridan Legal Service Bldg.
Tampa, FL 33602
Telephone: (813) 248-8900
Facsimile: (727) 471-0616
Primary:
rashida.willhoit@geganoffice.com
Secondary:
pamela.calvert@geganoffice.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 4, 2022, I filed the foregoing with the Clerk of Court by utilizing the Court's CM/ECF system, which will send a Notice of Electronic Filing to all parties.

/s/ Rashida L. Willhoit
RASHIDA L. WILLHOIT, ESQ.
Florida Bar No.: 093582