UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINCARE INC.,

        Plaintiff,

v.

SRETEN MARKOVIC, a/k/a SAM MARKOVIC,

        Defendant.

Case No.:8:22-cv-00918-MSS-TGW

## ANSWER AND AFFIRMATIVE DEFENSES
## T0 PLAINTIFF'S AMENDED COMPLAINT

Defendant, SRETEN MARKOVIC, a/k/a SAM MARKOVIC, by and through the undersigned counsel, hereby files this Answer and Affirmative Defenses to the Amended Complaint against Defendant, and state as follows:

### Parties, Jurisdiction, and Venue

1. ADMIT for jurisdictional purposes; otherwise denied.

2. ADMIT for jurisdictional purposes; otherwise denied.

3. ADMIT for jurisdictional purposes; otherwise denied.

4. ADMIT for jurisdictional purposes; otherwise denied. Additionally, refer the trier of fact to the referenced document which speaks for itself regarding its content and DENY to the extent the allegations of paragraph 4 differ.

5. Paragraph 5 is ADMITED in part and DENIED in part. Defendant ADMITS that as part of his job with Lincare, he traveled to Lincare's headquarters in Florida to attend meetings and received bi-weekly payments. Defendant also ADMITS that he submitted his expense reimbursement reports to Lincare for processing and payment. Defendant denies the remainder of the allegations contained in paragraph 5 and demands strict proof thereof.

6. ADMIT for jurisdictional purposes; otherwise denied.

7. ADMIT the allegations set forth in paragraph 7 of the Amended Complaint.

## GENERAL ALLEGATIONS
### Lincare's Business

8. DENY knowledge or information regarding the allegations set forth in paragraph 8 of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 8 of the Amended Complaint.

9. ADMIT the allegations set forth in paragraph 9 of the Amended Complaint.

10. ADMIT the allegations set forth in paragraph 10 of the Amended Complaint.

11. DENY knowledge or information regarding the allegations set forth in paragraph 11 of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 11 of the Amended Complaint.

   a. DENY knowledge or information regarding the allegations set forth in paragraph 11(a) of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 11(a) of the Amended Complaint.

   b. DENY knowledge or information regarding the allegations set forth in paragraph 11(b) of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 11(b) of the Amended Complaint.

   c. DENY knowledge or information regarding the allegations set forth in paragraph 11(c) of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 11(c) of the Amended Complaint.

   d. DENY knowledge or information regarding the allegations set forth in paragraph 11(d) of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 11(d) of the Amended Complaint.

e. DENY knowledge or information regarding the allegations set forth in paragraph 11(e) of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 11(e) of the Amended Complaint.

f. DENY knowledge or information regarding the allegations set forth in paragraph 11(f) of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 11(f) of the Amended Complaint.

g. DENY knowledge or information regarding the allegations set forth in paragraph 11(g) of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 11(g) of the Amended Complaint.

h. DENY knowledge or information regarding the allegations set forth in paragraph 11(h) of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 11(h) of the Amended Complaint.

i. DENY knowledge or information regarding the allegations set forth in paragraph 11(i) of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 11(i) of the Amended Complaint.

j. DENY knowledge or information regarding the allegations set forth in paragraph 11(j) of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 11(j) of the Amended Complaint.

k. DENY knowledge or information regarding the allegations set forth in paragraph 11(k) of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 11(k) of the Amended Complaint.

l. DENY knowledge or information regarding the allegations set forth in paragraph 11(l) of the Amended Complaint, therefore DENY same the

allegations set forth in paragraph 11(l) of the Amended Complaint.

12. DENY knowledge or information regarding the allegations set forth in paragraph 12 of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 12 of the Amended Complaint.

13. DENY knowledge or information regarding the allegations set forth in paragraph 13 of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 13 of the Amended Complaint.

14. DENY knowledge or information regarding the allegations set forth in paragraph 14 of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 14 of the Amended Complaint.

15. ADMIT the allegations set forth in paragraph 15 of the Amended Complaint.

16. ADMIT the allegations set forth in paragraph 16 of the Amended Complaint.

17. ADMIT the allegations set forth in paragraph 17 of the Amended Complaint.

18. ADMIT the allegations set forth in paragraph 18 of the Amended Complaint.

19. DENY the allegations set forth in paragraph 19 of the Amended Complaint.

20. DENY knowledge or information regarding the allegations set forth in paragraph 20 of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 20 of the Amended Complaint.

21. ADMIT the allegations set forth in paragraph 21 of the Amended Complaint.

22. ADMIT the allegations set forth in paragraph 22 of the Amended Complaint.

23. ADMIT the allegations set forth in paragraph 23 of the Amended Complaint.

24. ADMIT the allegations set forth in paragraph 24 of the Amended Complaint.

25. ADMIT the allegations set forth in paragraph 25 of the Amended Complaint.

26. ADMIT the allegations set forth in paragraph 26 of the Amended Complaint.

27. DENY the allegations set forth in paragraph 27 of the Amended Complaint as framed, as Defendant is not required to provide information regarding the confidentiality status of various information.

28. ADMIT the allegations set forth in paragraph 28 of the Amended Complaint.

29. ADMIT the allegations set forth in paragraph 29 of the Amended Complaint.

**Lincare's expense reimbursement policy**

30. ADMIT the allegations set forth in paragraph 30 of the Amended Complaint.

31. ADMIT the allegations set forth in paragraph 31 of the Amended Complaint.

32. ADMIT the allegations set forth in paragraph 32 of the Amended Complaint.

33. ADMIT the allegations set forth in paragraph 33 of the Amended Complaint.

34. DENY knowledge or information regarding the allegations set forth in paragraph 34 of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 34 of the Amended Complaint.

35. DENY knowledge or information regarding the allegations set forth in paragraph 35 of the Amended Complaint. Specifically, Defendant is without knowledge as to what constitutes a senior level employee and therefore DENIES the allegations set forth in paragraph 35 of the Amended Complaint.

**Lincare discovers abnormalities in Markovic's expenses**

36. DENY knowledge or information regarding the allegations set forth in paragraph 37 of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 37 of the Amended Complaint.

37. DENY knowledge or information regarding the allegations set forth in

paragraph 37 of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 37 of the Amended Complaint.

38. DENY knowledge or information regarding the allegations set forth in paragraph 38 of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 38 of the Amended Complaint.

39. DENY knowledge or information regarding the allegations set forth in paragraph 39 of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 39 of the Amended Complaint.

40. DENY knowledge or information regarding the allegations set forth in paragraph 40 of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 40 of the Amended Complaint.

**Lincare discovers Markovic's fabrication of invoices**

41. DENY knowledge or information regarding the allegations set forth in paragraph 41 of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 41 of the Amended Complaint.

42. DENY knowledge or information regarding the allegations set forth in paragraph 42 of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 42 of the Amended Complaint.

43. DENY knowledge or information regarding the allegations set forth in paragraph 43 of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 43 of the Amended Complaint.

44. DENY knowledge or information regarding the allegations set forth in paragraph 44 of the Amended Complaint, therefore DENY same the allegations set forth in

paragraph 44 of the Amended Complaint.

45. DENY knowledge or information regarding the allegations set forth in paragraph 45 of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 45 of the Amended Complaint.

46. DENY knowledge or information regarding the allegations set forth in paragraph 46 of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 46 of the Amended Complaint.

47. DENY knowledge or information regarding the allegations set forth in paragraph 47 of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 47 of the Amended Complaint.

48. DENY knowledge or information regarding the allegations set forth in paragraph 48 of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 48 of the Amended Complaint.

49. DENY knowledge or information regarding the allegations set forth in paragraph 49 of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 49 of the Amended Complaint.

50. DENY knowledge or information regarding the allegations set forth in paragraph 50 of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 50 of the Amended Complaint.

51. DENY knowledge or information regarding the allegations set forth in paragraph 51 of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 51 of the Amended Complaint.

52. DENY knowledge or information regarding the allegations set forth in

paragraph 52 of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 52 of the Amended Complaint.

**Duplicate, falsified, and/or improper expenses**

53. DENY the allegations set forth in paragraph 53 of the Amended Complaint.

54. DENY the allegations set forth in paragraph 54 of the Amended Complaint.

55. DENY the allegations set forth in paragraph 55 of the Amended Complaint.

56. DENY the allegations set forth in paragraph 56 of the Amended Complaint.

57. DENY the allegations set forth in paragraph 57 of the Amended Complaint.

58. DENY the allegations set forth in paragraph 58 of the Amended Complaint.

59. DENY the allegations set forth in paragraph 59 of the Amended Complaint.

60. DENY knowledge or information regarding the allegations set forth in paragraph 60 of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 60 of the Amended Complaint.

61. DENY knowledge or information regarding the allegations set forth in paragraph 61 of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 61 of the Amended Complaint.

62. DENY knowledge or information regarding the allegations set forth in paragraph 62 of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 62 of the Amended Complaint.

63. DENY knowledge or information regarding the allegations set forth in paragraph 63 of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 63 of the Amended Complaint.

64. DENY knowledge or information regarding the allegations set forth in

paragraph 64 of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 64 of the Amended Complaint.

## Misappropriation of Lincare Equipment

65. DENY the allegations set forth in paragraph 65 of the Amended Complaint.

66. Paragraph 66 is admitted in part and denied in part. Defendant ADMITS that Lincare equipment was shipped to his home, but this was at the request of Lincare. Defendant is without knowledge as to the exact number of times equipment was shipped to his home and therefore denies the remainder of the allegations contained in paragraph 66 and demands strict proof thereof.

67. ADMIT the allegations set forth in paragraph 67 of the Amended Complaint.

68. DENY the allegations set forth in paragraph 68 of the Amended Complaint.

69. DENY as framed the allegations set forth in paragraph 69 of the Amended Complaint.

70. DENY the allegations set forth in paragraph 70 of the Amended Complaint.

## Lincare terminates Markovic

71. Paragraph 71 is ADMITTED in part and DENIED in part. Defendant ADMITS that Lincare terminated him in accordance with the Employment Agreement. Defendant denies the remainder of the allegations contained in paragraph 71 and demands strict proof thereof.

## Markovic begins working for Supercare

72. Paragraph 72 is ADMITED in part and DENIED in part. Defendant ADMITS that he works at Supercare. Defendant denies the remainder of the allegations contained in paragraph 72 and demands strict proof thereof.

73. DENY knowledge or information regarding the allegations set forth in paragraph 73 of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 73 of the Amended Complaint.

74. DENY knowledge or information regarding the allegations set forth in paragraph 74 of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 74 of the Amended Complaint.

75. ADMIT the allegations set forth in paragraph 75 of the Amended Complaint.

76. ADMIT the allegations set forth in paragraph 76 of the Amended Complaint.

77. ADMIT the allegations set forth in paragraph 77 of the Amended Complaint.

78. ADMIT the allegations set forth in paragraph 78 of the Amended Complaint.

79. ADMIT the allegations set forth in paragraph 79 of the Amended Complaint.

80. DENY the allegations set forth in paragraph 80 of the Amended Complaint.

81. DENY the allegations set forth in paragraph 81 of the Amended Complaint.

82. DENY the allegations set forth in paragraph 82 of the Amended Complaint.

83. DENY the allegations set forth in paragraph 83 of the Amended Complaint.

84. DENY knowledge or information regarding the allegations set forth in paragraph 84 of the Amended Complaint, therefore DENY same the allegations set forth in paragraph 84 of the Amended Complaint.

## COUNT I
## CONVERSION

85. REPEAT AND REASSERT each and every response made above to paragraphs 1 through 84 as if more fully stated at length herein.

86. DENY the allegations set forth in paragraph 86 of the Amended Complaint.

87. Paragraph 87 is admitted in part and denied in part. Defendant ADMITS that

Lincare equipment was shipped to his home, but this was at the request of Lincare. Defendant denies the remainder of the allegations contained in paragraph 87 and demands strict proof thereof.

88. DENY the allegations set forth in paragraph 88 of the Amended Complaint.

89. DENY the allegations set forth in paragraph 89 of the Amended Complaint.

90. DENY the allegations set forth in paragraph 90 of the Amended Complaint.

**COUNT II**
**CIVIL THEFT**

91. REPEAT AND REASSERT each and every response made above to paragraphs 1 through 84 as if more fully stated at length herein.

92. DENY the allegations set forth in paragraph 92 of the Amended Complaint.

93. Paragraph 93 is admitted in part and denied in part. Defendant ADMITS that Lincare equipment was shipped to his home, but this was at the request of Lincare. Defendant denies the remainder of the allegations contained in paragraph 93 and demands strict proof thereof.

94. DENY the allegations set forth in paragraph 94 of the Amended Complaint.

95. DENY the allegations set forth in paragraph 95 of the Amended Complaint.

96. DENY the allegations set forth in paragraph 96 of the Amended Complaint.

97. ADMIT the allegations set forth in paragraph 97 of the Amended Complaint.

98. DENY the allegations set forth in paragraph 98 of the Amended Complaint.

99. DENY as framed the allegations set forth in paragraph 99 of the Amended Complaint. Defendant contends that he never misappropriated funds or equipment.

**COUNT III**

**FRAUD**

100. REPEAT AND REASSERT each and every response made above to paragraphs 1 through 84 as if more fully stated at length herein.

101. DENY the allegations set forth in paragraph 101 of the Amended Complaint.

102. DENY the allegations set forth in paragraph 102 of the Amended Complaint.

103. DENY the allegations set forth in paragraph 103 of the Amended Complaint.

104. DENY the allegations set forth in paragraph 104 of the Amended Complaint.

105. DENY the allegations set forth in paragraph 105 of the Amended Complaint.

106. DENY the allegations set forth in paragraph 106 of the Amended Complaint.

**COUNT IV**
**NEGLIGENT MISREPRESENTATION**

107. REPEAT AND REASSERT each and every response made above to paragraphs 1 through 84 as if more fully stated at length herein.

108. DENY the allegations set forth in paragraph 108 of the Amended Complaint.

109. DENY the allegations set forth in paragraph 109 of the Amended Complaint.

110. DENY the allegations set forth in paragraph 110 of the Amended Complaint.

111. DENY the allegations set forth in paragraph 111 of the Amended Complaint.

112. DENY the allegations set forth in paragraph 112 of the Amended Complaint.

113. DENY the allegations set forth in paragraph 113 of the Amended Complaint.

**COUNT V**
**BREACH OF FIDUCIARY DUTY**

114. REPEAT AND REASSERT each and every response made above to paragraphs 1 through 84 as if more fully stated at length herein.

115. ADMIT the allegations set forth in paragraph 115 of the Amended Complaint.

116. DENY the allegations set forth in paragraph 116 of the Amended Complaint.

117. Refer the trier of fact to the referenced document which speaks for itself regarding its content and DENY to the extent the allegations of paragraph 117 differ.

118. DENY the allegations set forth in paragraph 118 of the Amended Complaint.

**COUNT VI**
**BREACH OF THE DUTY OF LOYALTY**

119. REPEAT AND REASSERT each and every response made above to paragraphs 1 through 84 as if more fully stated at length herein.

120. ADMIT the allegations set forth in paragraph 120 of the Amended Complaint.

121. DENY the allegations set forth in paragraph 121 of the Amended Complaint.

122. DENY the allegations set forth in paragraph 122 of the Amended Complaint.

123. DENY the allegations set forth in paragraph 123 of the Amended Complaint.

**COUNT VII**
**BREACH OF CONTRACT (DAMAGES)**

124. REPEAT AND REASSERT each and every response made above to paragraphs 1 through 84 as if more fully stated at length herein.

125. DENY the allegations set forth in paragraph 125 of the Amended Complaint.

126. Paragraph 126 is admitted in part and denied in part. Defendant ADMITS that Lincare equipment was shipped to his home, but this was at the request of Lincare. Defendant denies the remainder of the allegations contained in paragraph 126 and demands strict proof thereof.

127. Refer the trier of fact to the referenced document which speaks for itself regarding its content and DENY to the extent the allegations of paragraph 127 differ.

128. Refer the trier of fact to the referenced document which speaks for itself regarding its content and DENY to the extent the allegations of paragraph 128 differ.

129. DENY the allegations set forth in paragraph 129 of the Amended Complaint.

130. DENY the allegations set forth in paragraph 130 of the Amended Complaint.

131. DENY the allegations set forth in paragraph 131 of the Amended Complaint.

132. DENY the allegations set forth in paragraph 132 of the Amended Complaint.

## COUNT VIII
## BREACH OF CONTRACT (DAMAGES)

133. REPEAT AND REASSERT each and every response made above to paragraphs 1 through 84 as if more fully stated at length herein.

134. DENY the allegations set forth in paragraph 134 of the Amended Complaint.

135. Refer the trier of fact to the referenced document which speaks for itself regarding its content and DENY to the extent the allegations of paragraph 135 differ.

136. Refer the trier of fact to the referenced document which speaks for itself regarding its content and DENY to the extent the allegations of paragraph 136 differ.

137. DENY the allegations set forth in paragraph 137 of the Amended Complaint.

138. DENY the allegations set forth in paragraph 138 of the Amended Complaint.

139. DENY the allegations set forth in paragraph 139 of the Amended Complaint.

140. DENY the allegations set forth in paragraph 140 of the Amended Complaint.

141. DENY the allegations set forth in paragraph 141 of the Amended Complaint.

142. DENY the allegations set forth in paragraph 142 of the Amended Complaint.

143. DENY the allegations set forth in paragraph 143 of the Amended Complaint.

144. DENY the allegations set forth in paragraph 144 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

## AS AND FOR FIRST AFFIRMATIVE DEFENSE

145. Defendant asserts that any claim for damages asserted by Plaintiffs must be offset by the amount due to Defendant for various expenses that remain unpaid.

## AS AND FOR SECOND AFFIRMATIVE DEFENSE

146. Defendant asserts that Plaintiff's claim for civil theft must be barred as Defendant lacked the criminal intent to commit civil theft.

## AND FOR THIRD AFFIRMATIVE DEFENSE

147. Under Florida law, the elements of conversion are "(1) an act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein.

148. Plaintiff alleges that Defendant deprived Lincare of its right to and the benefit of its money and equipment by misappropriating Lincare's money and equipment for his own use.

149. Defendant argues that he never misappropriated Lincare's money for his own benefit. Moreover, Lincare often would ask employees to ship equipment to their homes and then transport that equipment to another location.

150. Therefore, Plaintiff's Conversion count must be barred.

## AND FOR FOURTH AFFIRMATIVE DEFENSE

151. Defendant asserts that Plaintiff is precluded from the relief sought on all counts, as the alleged activity was done without malicious or criminal intent to defraud or convert Plaintiff's property. Rather, Defendant placed Ads online with the knowledge and authorization of his superiors, Greg McCarthy and Buddy Felter. These Ads were in fact "decoy" or "fake ads" placed by the Defendant in an effort to determine if Plaintiff's

(hereinafter "Plaintiff" or "Company") current employees would apply to the job described in the Ads.

152. The purpose of these Ads was to determine the potential number of vacancies that may exist in the future so that the Company could plan accordingly.

153. All invoices submitted were authentic and in line with the Defendant's fiduciary duties and obligations.

### AND FOR FIFTH AFFIRMATIVE DEFENSE

154. Plaintiff's negligent misrepresentation, breach of fiduciary duty, and breach of the duty of loyalty claim must be barred, as Defendant never made a false statement regarding a material fact.

155. As stated herein, Defendant placed Ads online with the knowledge and authorization of his superiors, Greg McCarthy and Buddy Felter. These Ads were in fact "decoy" or "fake ads" placed by the Defendant in an effort to determine if Plaintiff's (hereinafter "Plaintiff" or "Company") current emp0loyees would apply to the job described in the Ads.

Dated: November 23, 2022

/s/ Rashida L. Willhoit
RASHIDA L. WILLHOIT, ESQ.
Florida Bar No.: 093582
GEGAN LAW OFFICE
1005 N. Marion Street
Floridan Legal Service Bldg.
Tampa, FL 33602
Telephone: (813) 248-8900
Email: rashida.willhoit@geganoffice.com
Secondary: legalassistant@geganoffice.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 25, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send email notification of such filing to counsel of record.

/s/ *Rashida L. Willhoit*
RASHIDA L. WILLHOIT
Florida Bar No.: 093582