UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINCARE INC.,

                        Plaintiff,

                      Case No.: 8:22-cv-00918-MSS-TGW

      v.

SRETEN MARKOVIC, a/k/a SAM
MARKOVIC,

                        Defendant.

**DEFENDANT'S OBJECTION TO THE MAGISTRATE'S REPORT AND RECOMMENDATIONS**

Defendant, SRETEN MARKOVIC, a/k/a SAM MARKOVIC (the "MARKOVIC" or "Defendant"), by and through the undersigned counsel and pursuant to Federal Rule of Civil Procedure Rule 72(a), 28 U.S.C. § 636(b)(1), and Local Rule 6.02(a), files this Objection to the Report and Recommendation (Doc. 50) of the Honorable Magistrate Judge on Plaintiff's Motion Preliminary Injunction (Doc. 22).

## I.    INTRODUCTION

This case presents a public policy issue regarding the subject non-competition covenant, contained in section 6(b) of the Employment Agreement. Plaintiff sought to enjoin Defendant from engaging in competitive behavior, alleging that Defendant is engaging in the prohibited behavior by working for SuperCare. The Report and Recommendation granted Plaintiff's Motion for Preliminary Injunction. This Court should not adopt the Report and Recommendation for reasons discussed below.

## II.  DENOVO REVIEW

In the Eleventh Circuit, a district judge may accept, reject, or modify the Magistrate Judge's Report and Recommendation, after conducting a careful and complete review of the

findings and recommendations. 28 U.S.C. § 636(b)(1); see *Williams v. Wainright*, 681 F. 2d 732 (11th Cir. 1982). A district judge "shall make a de novo determination of those portions of the report and specific those findings or recommendations to which the objection is made." 28 U.S.C. § 636(b)(1). Accordingly, this requires the district judge to "give fresh consideration to those issues to which the specific objection has been made by the party." *Jeffery S. v. State Bd. of Educ.*, 896 F. 2d 507, 512 (11th Cir. 1990).

### III. FEDERAL RULE OF CIVIL PROCEDURE 72 REQUIREMENT

Federal Rule of Civil Procedure 72 requires that an objection to the Report and Recommendation issued by the Magistrate Judge be timely and specific. The Magistrate Judge's Report and Recommendation was issued on November 17, 2022 [Doc. 50]. The Report and Recommendation was served on the parties on November 18, 2022 [Doc. 50], making objections due on December 2, 2022. On November 30, 2022, Defendant filed his Motion for Extension of Time to File an Objection to the Magistrate's Report and Recommendation seeking a ten (10) day extension of time to file said objection [Doc. 54]. The Court granted Defendant's Motion on December 2, 2022 [Doc. 55]. Accordingly, Defendant's objections are set forth below in accordance with those requirements.

### IV. OBJECTION TO REPORT AND RECOMMENDATION

Should this Court determine that Plaintiff has a legitimate business interest, its claim still fails under the second prong set forth in Fla. Stat. 542.335(1)(c) because the relief sought by Plaintiff is not reasonably necessary to protect a legitimate business interest purportedly justifying the restrictions. Plaintiff has not suffered any actual harm and the issuance of an injunction will serve no purpose. Furthermore, McCarthy's affidavit and testimony could not point to a single customer lost or decrease in profit since Defendant's employment with

SuperCare. Colucci v. Kar Kare Auto. Grp., Inc., 918 So. 2d 431, 440 (Fla. 4th DCA 2006) (enforcing party could not name any lost customers, and admitted that it could not attribute decline in sales to the violation of the non-compete). As argued, no "public interest" is served by enjoining the Defendant. Plaintiff has failed to show that the restrictive covenants are reasonably necessary to protect its business interests. Courts have held that public policy precludes the enforcement of agreements whose sole purpose is to prevent competition. "We cannot uphold an agreement whose sole purpose is to prevent competition per se; such agreements are void as a matter of public policy." *Colucci v. Kar Kare Auto Grp., Inc.,* 918 So. 2d 431 (Fla. 4th DCA 2006). Enforcing the restrictive covenant given the arguments outlined herein which are directed at the validity of the agreement is written would be adverse to the free competition and democratic principle of free enterprise.

## V. CONCLUSION

For the above reasons, the Court should not adopt the Report and Recommendation of the Magistrate Judge and should enter its Order consistent with the Defendant's above arguments.

Dated this December 12, 2022.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 12, 2022, I filed the foregoing with the Clerk of Court by utilizing the Court's CM/ECF system, which will send a Notice of Electronic Filing to all parties.

/s/ Rashida L. Willhoit

RASHIDA L. WILLHOIT, ESQ.

Florida Bar No.: 093582