# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**LINCARE, INC.,**

    Plaintiff,

v.                                         Case No: 8:22-cv-918-MSS-TGW

**SRETEN MARKOVIC,**

    Defendant.

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion for Preliminary Injunction, (Dkt. 22), and Defendant's response in opposition thereto. (Dkt. 28). On November 17, 2022, United States Magistrate Judge Thomas G. Wilson issued a Report and Recommendation, recommending that Plaintiff's motion be granted. (Dkt. 50). Defendant timely filed an objection to the Judge Wilson's Report and Recommendation. (Dkt. 56).

In the Eleventh Circuit, a district judge may accept, reject, or modify the magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires

that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo,* Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

On review, Defendant generically objects to the Magistrate Judge's findings as to each element necessary for a preliminary injunction to issue. The Court is not persuaded by Defendant's arguments and therefore finds that Defendant's assertions were all properly disposed of by the Magistrate Judge, consistent with binding law and the applicable standard of review. See Lincare v. Tinklenburg, No. 8:20-cv-1002, 2020 WL 10354020, at *6 (M.D. Fla. June 26, 2020). Therefore, Defendant's objections are **OVERRULED**.

Accordingly, it is **ORDERED** that:

1. The Report and Recommendation, (Dkt. 50), is **CONFIRMED** and **ADOPTED** as part of this Order; and

2. Plaintiff's Motion for Preliminary Injunction, (Dkt. 22), is **GRANTED**.

3. Defendant, Sreten Markovic a/k/a Sam Markovic, and those in active concert or participation with him, are hereby restrained and enjoined from the following:

   a. directly or indirectly, engaging in the business of marketing, advertising, selling, leasing, renting, distribution, or otherwise providing oxygen, oxygen equipment, aerosol inhalation therapy equipment and respiratory medications, nasal continuous positive airway pressure devices, infant monitoring equipment and services, home sleep studies and related therapy equipment, pharmacy services, and any other respiratory therapy or durable medical equipment, products, supplies and services anywhere within 100 miles of where Markovic was based or had sales responsibilities at any time during the last 2 years of his employment with Lincare for a period of 1-year from the date of this Order;

   b. directly or indirectly, hiring, offering to hire, enticing away or in any other manner persuading or attempting to persuade any officer, employee or agent of Lincare (including, but not limited to, any former officer, employee or agent of Company and any of the other Lincare Entities) to discontinue his or her relationship with Lincare and any of the other Lincare Entities for a period of 1-year from the date of this Order;

c. directly or indirectly, soliciting, diverting or taking away, or attempting to solicit, divert or take away any customers, patients, referral sources, contractual relationships or other business Lincare and the other Lincare Entities had enjoyed or solicited during Markovic's employment with Lincare and any time prior for a period of 1-year from the date of this Order;

    d. disclosing or using the "confidential information of Lincare," as that term is defined in Section 7 of Employment Agreement.

4. Defendant, Sreten Markovic a/k/a Sam Markovic, shall return to Lincare all Confidential Information in his possession or control **within ten (10) days** of the date of this Order.

5. Plaintiff, Lincare Inc., is entitled to recover its fees and costs incurred in connection with this Motion pursuant to the Employment Agreement and section 542.335(1)(k), Florida Statutes.

6. Plaintiff shall post security, within five (5) business days of the entry of this Order with the Clerk of the Court, in the form of a bond, cash, or check in the sum of $156,000.00, representative of one year of the defendant's salary at SuperCare.

**DONE** and **ORDERED** in Tampa, Florida, this 11th day of January 2023.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person