UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINCARE INC.,

    Plaintiff,

v.

SRETEN MARKOVIC, a/k/a SAM MARKOVIC,

    Defendant.
_____/

Case No.: 8:22-cv-00918-MSS-TGW

## MOTION TO EXTEND DISPOSITIVE MOTION DEADLINE

Pursuant to Federal Rule of Civil Procedure 6(b) and 16(b)(4), Plaintiff, Lincare Inc. ("Lincare"), respectfully moves this Court for entry of an order modifying the Court's Case Management and Scheduling Order ("Scheduling Order") [Doc. 19] to extend the dispositive motion deadline by 28 days to Friday, October 27, 2023. In support of this motion, Lincare states as follows:

## INTRODUCTION

Defendant is a former Lincare employee who engaged in a fraudulent expense reimbursement scheme to steal money from Lincare and who violated restrictive covenants set forth in his employment agreement. To enforce the restrictive covenants in the Employment Agreement, Lincare filed a motion for preliminary injunction [Doc. 22], which the Court granted. [Doc. 50; Doc. 58].

Defendant answered the Amended Complaint [Doc. 53], but he otherwise appears to have stopped participating in this litigation. After the Court entered the

preliminary injunction order, Defendant's counsel filed a motion to withdraw as counsel, which the Court granted. [Doc. 62; Doc. 63]. The Court provided Defendant 30 days to retain new counsel. [Doc. 63]. If he failed to do so, the Court assumed he was proceeding pro se. *Id*. The Court also included Defendant's last known contact information in its order, which was provided by his former counsel. *Id.*

To date, Defendant has not retained new counsel and is now presumed to be proceeding pro se. Prior to filing a motion regarding its attorneys' fees, Lincare's counsel attempted to contact Defendant via email and U.S. mail at the addresses provided by his former counsel to discuss the forthcoming motion. Lincare's efforts were unsuccessful. Lincare's counsel received a bounce-back email indicating that Defendant's email address was not accepting emails, and public records show that the property at Defendant's last known address had been sold. [Doc. 66, p. 3]. Lincare attempted to contact Defendant again when it served discovery requests on him. Defendant never responded to the discovery or otherwise contacted Lincare's counsel about the requests.

The Court has also engaged in efforts to contact Defendant. Prior to entering its Report and Recommendation on Lincare's fee motion, the Court attempted to contact Defendant via email and telephone, but the Court was also unsuccessful. [Doc. 67].

Based on the foregoing circumstances, it appears that Defendant has now abandoned his defense of this case and has stopped participating in this litigation. Given Defendant's lack of participation, Lincare is evaluating the best options to bring this matter to a close in an efficient manner, including by filing a motion for summary

judgment. The dipositive motion deadline is currently set for September 29, 2023. Accordingly, Lincare respectfully requests a brief extension of this deadline to and including October 27, 2023.

## **MEMORANDUM OF LAW**

Federal Rule of Civil Procedure 6(b) permits extensions of time for good cause when a request is made before the original deadline expires. Specifically, Rule 6(b)(1) states "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Similarly, Rule 16(b)(4) provides that the Court's Scheduling Order may be modified "for good cause and with the judge's consent."

Here, there is good cause sufficient to modify the Scheduling Order to extend the dispositive motion deadline. Although Defendant answered the Amended Complaint and defended against Lincare's motion for preliminary injunction, it now appears that he has abandoned any further defense of this case. Lincare needs a short extension of time to determine the best option to bring this matter to a close in an efficient manner that will conserve judicial resources, which may include filing a motion for summary judgment. Lincare has not previously requested an extension of any other deadlines in this case, and the requested extension of time will not cause or require a change to any of the other deadlines in the case. No party will be prejudiced by this extension of time, particularly in light of the fact that Defendant does not appear to be participating in the litigation. This motion is made in good faith and not

for the purposes of delay. Based on the foregoing, there is good cause sufficient for the Court to modify the Scheduling Order to provide for a short extension of the dispositive motion deadline.

WHEREFORE, Plaintiff, Lincare Inc., respectfully requests that the Court enter an order modifying the Scheduling Order to extend the dispositive motion deadline to October 27, 2023 and granting such further relief as the Court deems just and proper.

**LOCAL RULE 3.01(g) CERTIFICATION**

As explained in the motion, Defendant appears to have abandoned this case and Lincare has been unable to make contact with Defendant. Accordingly, Lincare's counsel is unable to confer with Defendant regarding the relief sought in this motion.

*/s/ Kenneth G. Turkel*
Kenneth G. Turkel – FBN 867233
E-mail: kturkel@tcb-law.com
David A. Hayes – FBN 096657
E-mail: dhayes@tcb-law.com
TURKEL CUVA BARRIOS, P.A.
100 North Tampa Street, Suite 1900
Tampa, FL 33602
Phone: (813) 834-9191
Fax: (813) 443-2193
*Attorneys for Lincare Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 29, 2023, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record. I further certify that a copy of this motion will be served to Defendant via email and U.S. Mail at the following last known addresses:

Sreten Markovic
274 Jamie Loop
Roseburg, OR 97491
crnagora@charter.net

                                                     */s/ Kenneth G. Turkel*
                                                     Attorney