UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINCARE INC.,

    Plaintiff,

v.

SRETEN MARKOVIC, a/k/a SAM MARKOVIC,

    Defendant.
_____/

Case No.: 8:22-cv-00918-MSS-TGW

**PLAINTIFF'S MOTION TO RELEASE INJUNCTION BOND**

Plaintiff, Lincare Inc. ("Lincare"), by and through its undersigned counsel, moves this Court for entry of an order releasing the injunction bond Lincare posted in this case, and in support states as follows:

**INTRODUCTION**

Sreten Markovic a/k/a Sam Markovic ("Markovic") is a former Lincare employee who served as a top-level manager for the company. Upon discovering that Markovic was engaged in a fraudulent expense reporting scheme, Lincare fired him and filed the original complaint in this case shortly thereafter.

Some time later, Lincare learned that Markovic began working as an executive for one of Lincare's competitors in violation of the restrictive covenants in Markovic's employment agreement. Lincare sought leave to amend the original complaint and filed a motion for preliminary injunction to enforce the restrictive covenants. *See* Docs. 21, 22, 23. Following a hearing and briefing on the issues, the Court granted Lincare's

motion for preliminary injunction (the "Preliminary Injunction Order"). Doc. 58. In accordance with the Court's requirement set forth in the Preliminary Injunction Order, Lincare posted an injunction bond (the "Injunction Bond"). Docs. 59 and 60.

On October 27, 2023, Lincare filed a Motion for Summary Judgment and Permanent Injunction. Doc. 72. On March 11, 2024, the Court granted Lincare's motion, entered summary judgment in Lincare's favor on all its claims, and converted the preliminary injunction into a permanent injunction (the "Permanent Injunction Order"). Doc. 77.

Markovic, who has failed to participate in this litigation after the Preliminary Injunction Order was entered, did not appeal the Permanent Injunction Order. Accordingly, because Lincare prevailed at summary judgment and because a permanent injunction has been entered, Lincare requests that the Court discharge and release the Injunction Bond.

## **MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 65(c), a court may issue a preliminary injunction "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c); *Milan Exp., Inc. v. Averitt Exp., Inc.*, 254 F.3d 966, 981 (11th Cir. 2001). Thus, "when an injunction has been justifiably entered, the Injunction Bond should be discharged and returned to the party who posted it." *Coalition for Legal Services v. Legal Services Corp.,* 597 F.Supp. 198, 201 (D.D.C. 1984). This is consistent with the fact that the Federal Rules of Civil

2

Procedure only require security for a preliminary injunction, but not for a permanent injunction. *See* Fed. R. Civ. P. 65(c). Accordingly, once a permanent injunction is entered, the need for security is eliminated and an injunction bond may be released. *See Dunkin' Donuts Franchised Restaurants LLC v. Cardillo Capital, Inc.*, 2008 WL 795369 (M.D. Fla. Mar. 24, 2008) (releasing injunction bond upon entry of permanent injunction); *Night Owl SP, LLC v. Dongguan Auhua Elecs. Co., Ltd.*, 2019 WL 7423515 (M.D. Fla. Oct. 7, 2019) (releasing injunction bond once there was "no preliminary injunction to secure"); *HRB Green Res. LLC v. Leonard*, 2019 WL 8273645 (M.D. Fla. Dec. 5, 2019) (releasing injunction bond upon entry of permanent injunction).

Here, a permanent injunction has been entered against Markovic. Markovic failed to appeal the Permanent Injunction Order, and he has also failed to participate in this litigation for more than 18 months. Under the circumstances, there is no risk that Markovic has been wrongfully enjoined and there is no concern that he would lose a "vital remedy, the recovery of damages against the bond" if the Injunction Bond is released. *See Piambino v. Bailey*, 757 F.2d 1112 (11th Cir. 1985). Therefore, Lincare respectfully requests that the Court discharge and release the Injunction Bond.

WHEREFORE, Plaintiff, Lincare, Inc., respectfully requests that this Court enter an Order discharging and releasing the Injunction Bond and awarding any further relief this Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

As explained in prior filings, *see e.g,* Docs. 70 and 72, Defendant appears to have abandoned this case and Lincare has been unable to make contact with Defendant.

Accordingly, Lincare's counsel is unable to confer with Defendant regarding the relief sought in this motion.

        Respectfully submitted,

*/s/ David A. Hayes*
Kenneth G. Turkel – FBN 867233
E-mail: kturkel@tcb-law.com
David A. Hayes – FBN 096657
E-mail: dhayes@tcb-law.com
TURKEL CUVA BARRIOS, P.A.
100 North Tampa Street, Suite 1900
Tampa, FL  33602
Phone: (813) 834-9191
Fax: (813) 443-2193
*Attorneys for Lincare Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 14, 2024, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record. I further certify that a copy of this motion will be served to Defendant electronically via email at: crnagora@charter.net.

*/s/ David A. Hayes*
Attorney